UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
MIDCAP BUSINESS CREDIT, LLC,                                     :
                                                                 :    **ORDER AND OPINION**
                                              Plaintiff,         :    **GRANTING MOTION TO**
                    -against-                                    :    **AMEND JUDGMENT**
                                                                 :
MIDCAP FINANCIAL TRUST, MIDCAP                                   :    21 Civ. 7922 (AKH)
FINANCIAL SERVICES, LLC, MIDCAP                                  :
FINANCIAL SERVICES CAPITAL                                       :
MANAGEMENT, LLC, MIDCAP FINCO                                    :
DESIGNATED ACTIVITY COMPANY, and                                 :
APOLLO CAPITAL MANAGEMENT, L.P.,                                 :
                                                                 :
                                              Defendants.        :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff moves for relief in the nature of a rehearing of my order of February 13, 2023. Ordinarily, such a motion must pass a high bar. But the motion gives the court an opportunity to review the wisdom of what it has done, and I take this opportunity. Upon review, and closely following the Polaroid analysis mandated by the Court of Appeals, I believe that I applied too high a bar in judging the plausibility of plaintiff's key allegations.

        Plaintiff has met its burden. The first *Polaroid* factor requires an analysis of the strength of the parties' marks. Plaintiff concedes that its mark is descriptive, but alleges that its promotional and advertising expenditures have given the mark secondary meaning. ECF No. 1 ¶¶ 2-7, 33-42, 83.

        I held that the allegation of a secondary meaning was not plausible. However, Plaintiff points out that such a finding, at this stage of the case, requires findings about the market of midcap lending and the understandings of borrowers, and the court lacks expertise to make such findings. Plaintiff is correct; plausibility must be judged on the pleadings, and not on the merits.

1

Another *Polaroid* factor requires an analysis of likelihood of confusion. Plaintiff has alleged that defendant's mark is likely to confuse, and alleges instances of actual confusion. *Id.* ¶¶ 12, 59-66. I held that the allegations were not plausible, and reasoned that plaintiff failed to present proofs of such likelihood. Again, my rulings expressed a view of the merits, and not of the plausibility of allegations.

In considering a motion to dismiss, "the *Polaroid* analysis is limited to the facts alleged in the Complaint and any documents integral thereto." *Uber Inc.*, 521 F. Supp. 3d at 464. Additionally, "when applying the *Polaroid* factors to determine likelihood of confusion at a motion to dismiss stage, courts have not required all factors to be addressed in order to find adequate pleading of a likelihood of confusion." *World Trade Centers Ass'n, Inc. v. Port Auth. of New York & New Jersey*, 2016 WL 8292208, at *2 (S.D.N.Y. Dec. 15, 2016) (Swain, J.) (collecting cases).

Competitors have justifiable need to describe the product they offer. Trademark law should not be extended to preclude competitors from fairly describing their products. However, the line between protection and unfair description is difficult to draw and requires an examination of the merits. Plausibility in pleadings is not a substitute for discovery and the development of a full record. Accordingly, Defendants' motion to dismiss should be denied.

Plaintiff's motion to amend the judgment is granted and my previous order granting Defendants' motion to dismiss is vacated. Defendants' motion to dismiss is denied. The Clerk of Court shall terminate the open motion (ECF No. 51). The parties shall attend to initial disclosures and appear for a case management conference on June 16, 2023 at 10:00 a.m.

SO ORDERED.

Dated: May 23, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge