UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIDCAP BUSINESS CREDIT, LLC,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>MIDCAP FINANCIAL TRUST, APOLLO GLOBAL MANAGEMENT, INC., MIDCAP FINANCIAL SERVICES, LLC, MIDCAP FINANCIAL SERVICES CAPITAL MANAGEMENT, LLC, MIDCAP FINCO HOLDINGS LIMITED, MIDCAP FINCO DESIGNATED ACTIVITY COMPANY, APOLLO CAPITAL MANAGEMENT, L.P., APOLLO INVESTMENT MANAGEMENT, L.P., APOLLO INVESTMENT ADMINISTRATION, LLC, MIDCAP FINANCIAL INVESTMENT CORPORATION, AND DOES 1-100,<br><br>Defendants and Counterclaim Plaintiffs. | 21 Civ. 07922 (AKH) |

## AGREEMENT AND [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, in relation to the above-captioned case (the "Action"), the parties have requested or intend to request the production of documents or information that at least one party considers to be or to contain Confidential Information, and to be subject to protection under Federal Rule of Civil Procedure 26(c);

WHEREAS, the parties agree that good cause exists to protect the confidential nature of this information contained in documents, interrogatory responses, responses to requests for admission, or deposition or other testimony;

WHEREAS, this Action concerns allegations of trademark infringement and unfair competition, and the parties recognize that discovery may relate to certain competitively sensitive information of the parties' (and potentially third parties'), including referral source

PAGE 1 - STIPULATED PROTECTIVE ORDER

information, customer information, competitive information, financial information, personal information, unpublished proprietary information, and other commercially and competitively sensitive information;

WHEREAS, the parties will likely be placed at an economic or competitive disadvantage if such confidential and/or proprietary information is disclosed to the public at large or to adverse parties without limitations on their use and dissemination;

WHEREAS, the parties agree as follows (the "Agreement") to the entry of the following Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information, to be entered by the United States District Court for the Southern District of New York in this Action; and

WHEREAS, the parties in the Action have agreed upon and stipulated to the below terms and conditions, and upon the Court's review of the terms and conditions in this proposed Protective Order submitted by the parties:

IT IS HEREBY ORDERED as follows:

1. The terms "Producing Party" or "Designating Party" shall mean any party to this Protective Order designating information and/or a document as "Confidential" or "Attorneys' Eyes Only," including third parties who agree to the terms of, and to be bound by, this Protective Order.

2. The term "Receiving Party" shall mean any party to this Protective Order receiving Confidential or Attorneys' Eyes Only information from a Producing or Designating Party as part of this Action, including third parties who agree to the terms of, and to be bound by, this Protective Order.

3. The term "Confidential Information" shall mean (i) any type of information that has

not been made available to the public and the disclosure of which the Designating Party contends in good faith would cause material harm or a competitive disadvantage to the Designating Party's business operations or their personal, business, or privacy interests; (ii) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (iii) any other oral, written, or recorded material that consists of or contains such information or data or trade secrets. Confidential Information can include financial, business, technical, personnel, or similar information. Information that is available to the public, e.g. advertising and promotional materials and the like, shall not be designated as "Confidential" unless it also contains non-public Confidential Information.

4. The term and designation "Confidential" shall mean any document or information that the Designating Party believes in good faith meets the requirements set forth in Paragraph 3 above. Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any Designating Party's designation of any document or information as "Confidential."

5. The term and designation "Attorneys' Eyes Only" shall mean any documents or information that, in addition to satisfying the requirements set forth in Paragraph 4 above, the Designating Party believes in good faith includes highly confidential business information falling within one or more of the following categories, the unrestricted disclosure of which to another party could provide that party or third party with an unfair competitive advantage over the Designating Party or could cause significant, irreparable injury to the Designating Party that cannot be avoided by less restrictive means:

    a. Names and contact information identifying the Producing Party's confidential referral sources for asset-based lending business opportunities, provided, however, that referral sources that have

PAGE 3 - STIPULATED PROTECTIVE ORDER

       been publicly disclosed (for example, through the Producing Party's or third party websites, regulatory filings, press releases, tombstone announcements, or databases or deal logs maintained by outside organizations such as the Association for Corporate Growth, the Secured Finance Network (a/k/a SF Net, f/k/a Commercial Finance Association), the Turnaround Management Association, or Pitchbook) do not constitute "confidential" information and may not be designated as Attorneys' Eyes Only;

    b.    Names and contact information identifying the Producing Party's current and former confidential clients or the individual contact persons at the Producing Party's current and former clients for asset-based lending, provided, however, that current and former clients that have been publicly disclosed (for example, through the Producing Party's or third party websites, regulatory filings, press releases, tombstone announcements, or databases or deal logs maintained by outside organizations such as the Association for Corporate Growth, the Secured Finance Network (a/k/a SF Net, f/k/a Commercial Finance Association), the Turnaround Management Association, or Pitchbook) do not constitute "confidential" information and may not be designated as Attorneys' Eyes Only;

    c.    confidential current business plans, marketing plans, or sales strategies;

    d.    confidential license agreements, provided, however, that license agreements concerning the MIDCAP-formative marks at issue in this litigation may not be designated as Attorney's Eyes Only;

    e.    confidential pricing information; and

    f.    confidential financial information that has not been publicly disclosed.

Notwithstanding the foregoing, nothing contained herein should be construed as an acknowledgement by any party that all documents falling within the foregoing categories are appropriate for designation as Attorneys' Eyes Only.

    6.    Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party except the

PAGE 4 -   STIPULATED PROTECTIVE ORDER

Designating Party for any business, commercial, or competitive purpose, or in connection with any other dispute, litigation, or proceeding not involving the parties to this case. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the Receiving Party through means or sources outside of this litigation. Should a dispute arise as to the source of any specific information or document(s), the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

7. The parties, as well as third parties subject to this Protective Order, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the Producing Party has a good faith basis for asserting is confidential under the applicable legal standards above. The Designating Party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

8. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are to be filed with the Court, except by the Designating Party, the filing party shall take all reasonable steps to secure leave to file the materials under seal, in full compliance with the Court's Individual Practice Rule 4, the Court's Standing Order, and any other court rules or procedures governing the Action.

9. Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses Confidential Information that meets the applicable standards outlined above. If a transcript containing any such material is filed with the Court, except by the Designating Party, the standards

PAGE 5 - STIPULATED PROTECTIVE ORDER

articulated in Paragraph 8 apply. Unless otherwise agreed, or unless a designation has been made on the record or before a transcript becomes final (in which case the parties shall treat the transcript in accordance with such designation), all deposition transcripts shall be treated as "Attorneys' Eyes Only" until the expiration of the thirty-day period.

10. Use and review of any information, documents, or portions of documents marked "Confidential" shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel for the parties providing legal advice in connection with the Action; the attorneys, paralegals, administrative staff, and stenographic and clerical employees for the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Action.

    b. Any employee, director, officer, or manager of any party to this Action to the extent necessary to further the interest of the parties in this litigation, including in-house counsel.

    c. Fact witness and corporate designee deponents in this proceeding.

    d. Independent consultants, trial or jury consultants, or expert witnesses (however, an expert may not be a past or current employee of a party to the Action or a competitor of any party to the Action). This includes partners, associates and employees of the firm which employs such consultant or expert retained by a party or its attorneys for purposes of this litigation, but only to the extent outside counsel for that party deems necessary to further the interest of the parties in this litigation.

    e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this Action,

  f.  The authors or the original recipients of the documents.

  g.  Any court reporter or videographer reporting a deposition in this Action.

  h.  Employees of vendors retained by outside counsel and/or the parties (e.g., copy services, microfilming or database services, e-discovery services, document review services, etc.), trial support firms, and/or translators who are engaged by the parties during the litigation of this Action.

  11.  Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in Paragraphs 10(a), 10(d), 10(e), 10(f), 10(g), and 10(h), unless additional persons are stipulated by counsel or authorized by the Court. Notwithstanding the foregoing, documents designated as Attorneys' Eyes Only solely because they contain information described in Paragraphs 5(a) and 5(b) may be shown to individuals listed in Paragraphs 10(b)-10(c) in redacted form, with the information described in Paragraphs 5(a) and 5(b) fully removed or obscured. Nothing herein shall preclude counsel from discussing damage and profit theories and computations with their respective clients, to the extent necessary to further the interests of the parties in this litigation, even if the source of the information is a document(s) designated as "Attorneys' Eyes Only," provided that counsel does not disclose documents that have been designated as "Attorneys' Eyes Only."

  12.  Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under Paragraph 10(c) or 10(d) shall agree to be bound by the terms of this Order by signing the confidentiality agreement attached as Exhibit A, a copy of which shall be retained by counsel for the party making the disclosure for one year after the completion of this Action so that it may be shown to counsel for the Producing Party upon a showing of good cause (as determined by the Court).

PAGE 7 - STIPULATED PROTECTIVE ORDER

13.	Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, absent a Court order to the contrary, the Designating Party may exclude from the room any person, other than persons designated in Paragraphs 10 and 11, as appropriate, for that portion of the deposition, hearing, or pre-trial proceeding.

14.	In the event any non-party to the Action seeks access to Confidential Information from a party who received Confidential Information, by means of subpoena or otherwise, the Receiving Party shall: (a) promptly notify the Designating Party in writing of the non-party's request, and (b) not produce, grant access or otherwise make available any such documents, material or information unless authorized in writing by the Designating Party or until ordered to do so by a court of competent jurisdiction.

15.	Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party subject to this Protective Order believes that any documents or materials have been inappropriately designated by another party, that party shall serve a written objection (electronically permitted) on the Designating Party. The Designating Party shall thereafter, within ten (10) calendar days respond to such objection in writing (electronically permitted) either agreeing to remove the designation or stating the reasons for maintaining the designation. Once a written response is received that does not remove the designation as requested, the parties shall confer. As part of that conferral, the Designating Party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court resolve the dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why

PAGE 8 -   STIPULATED PROTECTIVE ORDER

the document should not be de-designated or unsealed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

16. Any party may request at any time permission to disclose Confidential Material to a person other than those permitted under paragraphs 10 or 11 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request (electronically permitted) upon the Designating Party. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure, and the reasons and purposes for the disclosure. The Designating Party shall thereafter respond to the request in writing (electronically permitted) within five (5) business days of its receipt of such request. If consent is withheld, the Designating Party or its counsel shall state the reasons why it is withholding such consent. Failure so to respond within such five-day period shall constitute consent to the request. Where consent is withheld, disclosure may only be made in accordance with the designation of the material as "Confidential" or "Attorneys' Eyes Only" unless and until differing treatment is directed pursuant to order of the Court.

17. Nothing in this Protective Order shall bar or otherwise prevent any party's counsel from rendering advice to his or her client(s) with respect to this Action and, in the course thereof, from relying upon his or her examination or knowledge of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such counsel shall not provide or show copies of any Confidential Material produced by another party herein or disclose the confidential details thereof to any person who is not authorized to receive such information under the provisions of this Protective Order.

18. The inadvertent failure to designate a document, testimony, or other material as

PAGE 9 - STIPULATED PROTECTIVE ORDER

"Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." Any party that inadvertently or unintentionally fails to designate material as "Confidential" or "Attorneys' Eyes Only" may request destruction of that material by notifying the recipient(s) in writing, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement material with the appropriate designation. If documents, information, or material are designated as "Confidential" or "Attorneys' Eyes Only" after the material was initially produced without these designations, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Promptly after receiving notice from the Producing Party of a claim of confidentiality, the Receiving Party or its counsel shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure, and the reasonable costs of doing so, if any, will be borne by the Producing Party. If a Receiving Party learns of any unauthorized disclosure of Confidential Material not in accordance with this Order, the party shall immediately upon learning of such disclosure inform the Producing Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information. Any dispute as to the confidential nature of any materials shall be resolved in accordance with this Order.

19. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether materials are confidential or trade secrets, or whether the Protective Order covers the information, documents, or

persons in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

20. No party shall be bound by this Protective Order as to any information that is (i) lawfully obtained independently of this Action; or (ii) generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

21. Upon the request of the Producing Party, within thirty (30) calendar days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive Confidential Information shall return to the Producing Party or third party, or destroy, all information and documents subject to this Protective Order, as the Producing Party may request. Returned physical materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, outside counsel for a party may retain archival copies of confidential documents or Attorneys' Eyes Only documents and work product created therefrom. Any such archival copies that contain confidential material remain subject to this Protective Order.

22. If a Producing Party gives notice to Receiving Parties that documents or materials that have been produced are subject to a claim of privilege, work-product protection, or any other privilege or protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), no privilege or protection is waived by the disclosure of documents or information connected with this litigation pending before this Court.

PAGE 11 - STIPULATED PROTECTIVE ORDER

23. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information.

24. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential Information, or other modifications, subject to order by the Court. This Agreement as agreed to herein shall be deemed effective immediately upon execution by the parties, and the parties shall present this Protective Order to the Court for entry. This Agreement, however, shall be binding whether or not it is accepted as an Order of the Court until such time as the Court enters a protective order in this case, which will supersede this Agreement unless the parties expressly agree otherwise.

25. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document, and a legible electronic signature shall have the same effect as an original.

26. The restrictions on disclosure and use of Confidential Information shall survive the conclusion of this Action and this Court shall retain jurisdiction of this Action after its conclusion for the purpose of enforcing the terms of this Protective Order.

27. This Protective Order is binding upon the parties to the Action, all signatories to the certification attached as Exhibit A, and all others who agree to be so bound, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, employees, and others set forth in this Protective Order.

The undersigned parties and their counsel hereby agree to the foregoing and consent to the terms and entry of the Protective Order.

So stipulated:

PAGE 12 - STIPULATED PROTECTIVE ORDER

Dated: September 8, 2023

By: /s/ Lisa Pearson
Lisa Pearson
R. Charles Henn Jr.
Bryan Wolin
1114 Avenue of the Americas, 21st Floor
New York, New York 10036
Telephone: (212) 775-8700
lpearson@kilpatricktownsend.com
chenn@kilpatricktownsend.com
bwolin@kilpatricktownsend.com

Attorneys for Plaintiff

Dated: September 8, 2023

Dated: September 8, 2023

By: /s/ Shannon Rose Selden
Shannon Rose Selden
James J. Pastore
Jared I. Kagan
66 Hudson Blvd
New York, New York 10001
Telephone: (212) 909-6000
srselden@debevoise.com
jjpastore@debevoise.com
jikagan@debevoise.com

Attorneys for Defendants

Dated: September 11, 2023

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this Action.

**IT IS SO ORDERED.**

DATED: 9-12, 2023

Honorable Alvin K. Hellerstein
United States District Judge

PAGE 13 - STIPULATED PROTECTIVE ORDER

## EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in _____

of the protective order governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

_____
Signed

_____
Printed Name

_____
Date