UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
:
MIDCAP BUSINESS CREDIT, LLC,                                :
                                                            :
                                        Plaintiff,          :
            -against-                                       :
                                                            :
MIDCAP FINANCIAL TRUST, APOLLO                              :   **ORDER**
GLOBAL MANAGEMENT, INC., MIDCAP                             :
FINANCIAL SERVICES, LLC, MIDCAP                             :   21 Civ. 7922 (AKH)
FINANCIAL SERVICES CAPITAL                                  :
MANAGEMENT, LLC, MIDCAP FINCO                               :
HOLDINGS LIMITED, MIDCAP FINCO                              :
DESIGNATED ACTIVITY COMPANY,                                :
APOLLO CAPITAL MANAGEMENT, L.P.,                            :
APOLLO INVESTMENT MANAGEMENT,                               :
L.P., APOLLO INVESTMENT                                     :
ADMINISTRATION, LLC, and MIDCAP                             :
FINANCIAL INVESTMENT CORPORATION,                           :
                                                            :
                                        Defendants.         :
----------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

The plaintiff's motion for reconsideration (ECF No. 98) is denied. The motion raises new grounds not argued in the plaintiff's former papers—specifically, in its opposition to the defendants' motion for judgment on the pleadings. The plaintiff also had the opportunity to raise additional state law claims at the Second Circuit Court of Appeals and did not do so. "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced [.]'" *Gusinksy v. Barclays PLC*, 944 F.Supp. 2d 279, 295 (S.D.N.Y. 2013) (quoting *Doughtery v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002)).

Additionally, the plaintiff has failed to show how Maryland or Delaware law meaningfully differ from the previously pled and dismissed New York state law claims. Accordingly, as a matter of discretion, and in line with the Court of Appeals' mandate remanding only the plaintiff's federal claims (ECF No. 41), I hold that the inclusion of state law claims in the Plaintiff's amended complaint is improper.

The motion for reconsideration of my November 30, 2023 order granting judgment on the pleadings is denied. The Clerk of Court shall terminate ECF No. 98.

SO ORDERED.

Dated: January 24, 2024
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge